JAMES N. TRACY III, ESQ. (JT 3875)
TANSEY, TRACY & CONVERY, ESQS.
1725 Richmond Road
Staten Island, New York 10306
(718) 233-3785
Attorneys for United HealthCare Services, Inc.

| | |
|---|---|
| RHODA RHEINGOLD,<br><br>　　　　　　Plaintiff(s),<br>vs.<br><br>UNITED HEALTHCARE SERVICES,<br>INC.<br><br>　　　　　　Defendant(s). | UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br><br>CASE NO:<br><br><br>**NOTICE OF REMOVAL** |

  1. On October 21, 2016, United HealthCare Services, Inc. (hereinafter "UHC") was served with a Verified Complaint filed in the Civil Court of New York, Queens County, entitled "*Rhoda Rheingold v. United Healthcare Services, Inc.*," Index No. CV-017571-16/QU (a true copy of the Complaint is attached hereto as "Exhibit A").

  2. The Complaint was the first pleading in the case served on UHC.

  3. UHC now seeks to remove the action from the Civil Court of New York, Queens County, to the United States District Court for the Eastern District of New York. UHC first received a paper from which it could be ascertained that the case was removable within the past (30) days.

  4. The plaintiff sustained various injuries as the result of a motor vehicle accident that occurred on or about March 1, 2012 (*see* "Exhibit A" at ¶ 7).

11. Plaintiff now claims in the instant case that she is entitled to the return of said monies because the arbitrator in a later no-fault arbitration determined that certain surgical procedures for which the Polo Plan paid benefits were not related to the subject motor vehicle accident (*see* "Exhibit A" at Para. 13-15).

12. Plaintiff's claim challenges the legal enforceability of the equitable lien by agreement asserted by the Polo Plan on the proceeds of the plaintiff's tort settlement. Though not specifically pled as such, plaintiff's claim constitutes a cause of action under 29 U.S.C. §1132 (a)(1)(B) of ERISA's civil enforcement provisions. As such, this Court has jurisdiction over same under 29 U.S.C. §1132 (e) of ERISA. This Court also has jurisdiction of the action under 28 U.S.C. §1331 because the claim asserted by plaintiff arises under the laws of the United States. Consequently, the action is removable under 28 U.S.C. §1441(c).

13. Finally, in accordance with 28 U.S.C. §1446(a), a copy of all process, pleadings and orders served upon UHC in the state court action have been attached as exhibits to this notice (*see* "Exhibit A").

WHEREFORE, UHC respectfully requests that the above-captioned action now pending in the Civil Court of New York, County of Queens, be removed to the United States District Court for the Eastern District of New York.

In accordance with Rule 11 of the Federal Rules of Civil Procedure, I hereby certify that to the best of my knowledge, information and belief, and after reasonable inquiry under the circumstances, the instant Notice of Removal:

(1) is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

5. On or about May 3, 2013, the plaintiff filed a tort action in New York state court alleging that the accident and her resultant injuries were caused by the negligence of various defendants (hereinafter "Tort Action").

6. Based upon current information and belief, all claims against all parties in the Tort Action were settled on or about June 10, 2015, in the total amount of $65,000.00 (*see* "Exhibit A" at ¶ 10).

7. At the time of the subject motor vehicle accident, the plaintiff was enrolled as a member in the Polo Ralph Lauren, Inc. Welfare Benefit Plan (hereinafter "Polo Plan"). Between 2012-2015, medical benefits in the amount of $48,763.31 were paid on behalf of the plaintiff by the Polo Plan (hereinafter "Paid Medical Benefits").

8. At all relevant times, the Polo Plan was, and still is, an employee welfare benefit plan governed by the federal Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1001, *et seq.*

9. At all relevant times, UHC was, and still is, a plan administrator for the Polo Plan, and responsible, in such capacity, for recovering plan assets through enforcement of the Polo Plan's recovery rights. The nature and scope of such rights are established by the terms of the plan documents.

10. In this instance, the terms of the plan documents created an equitable lien by agreement in the amount of the Paid Medical Benefits on the proceeds of the plaintiff's tort settlement. In or about September 2015, the parties agreed to settle the lien for $21,666.66, a negotiated figure that was less than the full amount of the Paid Medical Benefits.

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery, and;

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

By: /s/ James N. Tracy (JT 3875)
TANSEY, TRACY & CONVERY, ESQS.
1725 Richmond Road
Staten Island, New York 10306
(718) 233-3785
Email: j.tracy@lawttc.com

Dated: November 7, 2016